# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

JAMAL RASHAD CRAWFORD                                                  PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:17CV-P673-CRS

MARK BOLTON *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Jamal Rashad Crawford filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, indicating therein that he is a convicted prisoner at the Louisville Metro Department of Corrections (LMDC). Review of the Court's records revealed that mail sent to Plaintiff at the LMDC in another of his cases was returned to the Court on February 22, 2018, by the U.S. Postal Service as undeliverable. *See Crawford v. Bolton et al.*, 3:17CV-P535-DJH (DN 8, returned envelope marked "Return To Sender, Attempted – Not Known, Unable To Forward" and stamped "Return to Sender, Inmate Not in Custody"). Out of an abundance of caution that the prior mailing was not returned to the Court in error, however, before dismissing the instant action for failure to prosecute, the Court, by Order entered April 27, 2018, directed the Clerk of Court to mail a copy of the Order to Plaintiff at LMDC and advised, in part, that should the Order be returned to the Court by the U.S. Postal Service, the Court would dismiss the action for failure to prosecute (DN 6). The record reveals that on June 4, 2018, the copy of the April 27, 2018, Order sent to Plaintiff at the LMDC was returned to the Court with the envelope marked "Return To Sender – Inmate Not In Custody" and "Return To Sender, Not Deliverable As Addressed, Unable To Forward" (DN 7).

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir.

2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal.

Date: June 15, 2018

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4411.005